PREET BHARARA
United States Attorney for
the Southern District of New York
By: SHARON COHEN LEVIN
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-1060

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                   :
IN RE: DECREE OF ALEKSANDR II TO      Part I
THE CAPITULUM OF DECORATIONS DATED :
SEPTEMBER 14, 1867,                   STIPULATION AND ORDER
                                   :
IN RE: DECREE OF NIKOLAY II TO THE    M18-981
CAPITULUM OF DECORATIONS DATED     :
SEPTEMBER 27, 1904, WITH OPPOSITE
SIDE OF DOCUMENT DATED SEPTEMBER   :
30, 1904,
                                   :
IN RE: EDICT BY EKATERINA II TO THE
GENERAL GRAF MIKHAIL VASIL'VEVICH  :
KAKHOVSKIY DATED NOVEMBER 10, 1792.
                                   :
- - - - - - - - - - - - - - - - - x

          WHEREAS, the United States Department of Homeland

Security, Immigration and Customs Enforcement ("ICE") has

determined the following facts:

          (a)  Documents of great historical value to the

Government of Russia (imperial and military decrees) dating from

the 18th to 20th centuries were stolen from the Russian archives

in both Moscow and St. Petersburg between 1994 and 2002.

          (b)  Many of the stolen documents were part of the

"Feinberg Group," a group of more than 7000 documents alleged to

have been stolen in 1994 by Russian immigrant and now Israeli

citizen Ze'ev (Valadimir) Feinberg.

(c)   More specifically, the following Feinberg Group documents were stolen from the State Historical Archives in St. Petersburg, Russia in 1994:

> (1)   Decree of Aleksandr II to the Capitulum of Decorations dated September 14, 1867,
>
> (2)   Decree of Nikolay II to the Capitulum of Decorations dated September 27, 1904, with Opposite Side of Document dated September 30, 1904,
>
> (3)   Edict by Ekaterina II to the General Graf Mikhail Vasil'vevich Kakhovskiy dated November 10, 1792.

(collectively the "Subject Property")

WHEREAS, on July 20, 2001, Daniel Bibb, the owner of an online antiquities website, purchased the Subject Property from an individual in New York, and subsequently offered the Subject Property for sale on his website.

WHEREAS, ICE advised Daniel Bibb that the Subject Property was stolen;

WHEREAS, on October 29, 2010, ICE seized the Subject Property from Daniel Bibb;

WHEREAS, Daniel Bibb has denied any knowledge, at the time of purchase, that the Subject Property was stolen;

WHEREAS, the United States Attorney's Office ("USAO") has determined that the Subject Property should be returned to the Government of Russia;

WHEREAS, ICE, is currently in possession of the Subject

2

Property having seized it from Daniel Bibb on or about October 29, 2010;

WHEREAS, ICE commenced administrative forfeiture proceedings against the Subject Property;

WHEREAS, the USAO has uncovered no evidence of wrongdoing on the part of Daniel Bibb, or his agents, officers and employees; and

WHEREAS, Daniel Bibb has cooperated fully with ICE's investigation and wishes to resolve this matter by providing for the return of the Subject Property to the Government of Russia, through ICE and the USAO;

WHEREAS, ICE agrees to discontinue the administrative forfeiture proceedings so that the Subject Property can be repatriated to the Government of Russia without the need for administrative or judicial forfeiture or other legal process;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, as follows:

1.   Daniel Bibb consents to the seizure of the Subject Property by ICE and the USAO, to allow for its return to the Government of Russia.

2.   ICE agrees to discontinue the administrative forfeiture of the Subject Property so that the Subject Property can be repatriated to the Government of Russia.

3.   Daniel Bibb represents that he was the sole owner

3

of the Subject Property when it was seized and agrees to hold harmless the United States and any and all of its agents and employees (including, without limitation, ICE, the Department of State, and the USAO) from any and all claims, including, without limitation, third-party claims, in connection with or arising out of the United States' transfer of the Subject Property to the Government of Russia.

4.   This stipulation shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Daniel Bibb, or any of his agents, officers or employees, past and present.

4

     5.    The signature page of this stipulation and order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.  Fax copies shall be treated as originals.

Agreed and consented to:

PREET BHARARA
United States Attorney for the
Southern District of New York


_____     2/14/11
By: SHARON COHEN LEVIN              Date
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-1060




_____     _____
Daniel Bibb                            Date
807 Summit North Drive NE
Atlanta, Georgia 30324



So Ordered:



_____     _____
United States District Judge          Date
Southern District of New York
Part I

5

    5.   The signature page of this stipulation and order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.  Fax copies shall be treated as originals.

Agreed and consented to:

PREET BHARARA
United States Attorney for the
Southern District of New York


_____        _____
By: SHARON COHEN LEVIN                 Date
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-1060


_____        2 - //-//
Daniel Bibb                               Date
807 Summit North Drive NE
Atlanta, Georgia 30324


So Ordered:


_____        Feb. 17, 2011
United States District Judge       Date
Southern District of New York
Part I

5